IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

|  |  |
|---|---|
| SOBEIDA ROSMIRA DURAN SEGOVIA, | ) ) ) ) Case No. 3:25-cv-485 |
| Petitioner | ) ) RICHARD A. LANZILLO ) Chief United States Magistrate Judge |
| vs. | ) ) |
| KURT WOLFORD, *et al.*, | ) REPORT AND RECOMMENDATION ) ON EMERGENCY MOTION TO STAY ) REMOVAL AND PRESERVE STATUS |
| Respondents | ) QUO ) ) ) ) RE: ECF NO. 26 |

## I.    RECOMMENDATION

Pending is Petitioner's motion requesting a "stay to preserve status quo, maintain Petitioner at Cambria County Prison, and require advance notice of any transfer or removal." *See* ECF No. 26. Because Petitioner's motion essentially seeks relief in the nature of a preliminary injunction, it is analyzed under the standards applicable to motions for such relief. It is respectfully recommended that the motion be DENIED.

## II.    REPORT

### A. Background

Petitioner Sobeida Rosmira Duran Segovia ("Petitioner") is a citizen and native of Venezuela. On July 25, 2024, Petitioner entered the United States at a port of entry and presented herself for a CBP One appointment to apply for admission. ECF

1

No. 3 at 7. She received humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Her parole period was not scheduled to expire until July 24, 2026, but in April 2025, the Department of Homeland Security ("DHS") terminated her parole status through a broadly issued notice directed to CBP One parolees. Following that termination, Petitioner was placed in removal proceedings. Petitioner has been in Department of Homeland Security ("DHS") custody since October 28, 2025, following a traffic stop in Muncy, Pennsylvania. She is currently detained at the Cambria County Prison in Ebensburg, Pennsylvania.

On January 29, 2026, an Immigration Judge denied Petitioner's applications for relief and ordered her removed to Ecuador, per a special agreement with that country. *See* ECF No. 23-1 (Order). Petitioner appealed the Immigration Judge's order to the Board of Immigration Appeals ("BIA"), but the BIA dismissed Petitioner's appeal as untimely on April 14, 2026. *See* ECF No. 23-2. Upon dismissal of her appeal, Petitioner became subject to an administratively final order of removal, which mandated her continued detention under 8 U.S.C. § 1231.

On May 7, 2026, Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 20. Respondents filed a response to the Amended Petition on May 14, 2026. On May 15, 2026, Petitioner filed an Emergency Motion to Preserve Status Quo, Maintain Petitioner at Cambria County Prison, and Require Advance Notice of Any Transfer or Removal (ECF No. 26). Petitioner reported that ICE intended to transfer her to Louisiana imminently. On May 18,

2026, the Court held a hearing and directed Petitioner to file a supplemental memorandum, which she filed the same day (ECF No. 30).

## B. Standard of Review

Preliminary injunctive relief is an "extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain preliminary injunction, a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Bd.*, 108 F.4th 144, 150 (3d Cir. 2024). "[T]he failure of the moving party to make either of those threshold showings is fatal to the issuance of a preliminary injunction." *Id.*

## C. Discussiom

### 1. Petitioner's request to stay or enjoin her transfer to another detention facility should be denied.

"[A]n alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns." *Niangane v. Noem*, No. 3:25-CV-488, 2025 WL 4672463, at *2 (W.D. Pa. Dec. 8, 2025) (Haines, J.). As this Court noted in *Niangane*, "Congress

has 'limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]'" *Id.* (quoting *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020)). In particular, "the place of detention is left to the discretion of the Attorney General." *Sinclair v. Attorney Gen. of U.S.*, 198 Fed. Appx. 218, 222 n.3 (3d Cir. 2006) (citing 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F. Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention). Because federal law leaves an alien detainee's place of detention to the discretion of the Attorney General, Petitioner's request that the Court stay or enjoin her transfer from the Cambria County Jail should be denied.[1]

---

[1] This Court will retain jurisdiction over her Amended Petition even if she is transferred to a detention facility outside of this judicial district. *See A.S.R. v. Trump*, 780 F. Supp. 3d 583, 586 (W.D. Pa. 2025) (Haines, J.) (holding that "because [noncitizen detainee] was present in this judicial District when he filed his Petition and named his immediate custodian, this Court has jurisdiction over his Petition, and his subsequent transfer to another district does not deprive this Court of that jurisdiction").

## 2. Petitioner's request that the Court stay or enjoin her removal should be denied.

Petitioner's application for a stay of her final order of removal must be denied because this Court lacks jurisdiction to grant the relief she seeks. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 302, amended 8 U.S.C. § 1252, provides that a petition for review filed with the appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Consistent with this statutory mandate, the Third Circuit has held that federal district courts are divested of jurisdiction to review final orders of removal, including challenges brought under 28 U.S.C. § 2241 that effectively seek such review. *See Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (the REAL ID Act "eliminated habeas corpus review of orders of removal"); *Jordon v. Att'y Gen.*, 424 F.3d 320, 326 (3d Cir. 2005). Because this Court has no jurisdiction over the underlying order of removal, it likewise has no authority to stay that order. As the Ninth Circuit has explained, "[t]aken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through" a petition for review filed with an appropriate court of appeals. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016); *see also Tazu v. Attorney Gen.*, 975 F.3d 292, 296 (3d Cir. 2020 (holding that § 1252(b)(9) acts as a jurisdictional bar where a petitioner's claims arise from, or are inextricably linked to, the execution or adjudication of removal proceedings).

Accordingly, to the extent petitioner seeks a stay of her final order of removal, the request should be denied.

### 3. Petitioner's request that the Court require advance notice of transfer or removal should be denied.

The instant motion alternatively seeks an order requiring Respondents to provide advance written notice before executing any transfer or removal. Although this Court lacks jurisdiction to review or to stay Petitioner's final order of removal, it retains authority to entertain her motion for advance notice of transfer as a matter of ancillary relief. That is because such a motion does not challenge the validity or execution of the removal order and therefore falls outside the REAL ID Act's exclusive channeling of removal-related claims to the courts of appeals. *See* 8 U.S.C. § 1252(a)(5). Rather, Petitioner seeks an order designed to preserve the conditions necessary for meaningful adjudication of her pending habeas petition. That relief falls squarely within the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), which permits a federal court to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction." *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

Petitioner's motion must nonetheless be denied because she has not demonstrated the irreparable injury necessary to obtain ancillary injunctive relief. Petitioner's motion asserts that advance notification to her lawyers of a transfer to another detention facility is necessary to her ability to "seek additional emergency relief." *See* ECF No. 26, pp. 5-6. That premise is legally and factually unsupported. A district court retains habeas jurisdiction following a petitioner's post-filing transfer to a facility outside the district. *See Anariba v. Director, Hudson County Correctional Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021); *Khalil v. President, United States*, 164 F.4th

259, 265 (3d Cir. 2026). Therefore, a transfer to a detention center outside of this judicial district will not impair this Court's authority to provide her with any relief to which she may be entitled based on her Amended Petition.

Furthermore, the advance notice she seeks to have the Court compel will not mitigate the harm Petitioner fears. As discussed, Petitioner has no right to prevent a transfer to another detention facility. And because Petitioner has proffered no basis upon which the Court could enjoin her removal now that she is subject to a final removal order, notice of removal beyond what applicable law may require similarly would not prevent the harm she fears.

Finally, Petitioner's contention that a transfer would impair her ability to communicate with counsel is factually unsupported by the record. Petitioner has proffered no evidence to support that a change in her place of detention would meaningfully impede her attorney-client communications. Federal immigration detention facilities are required to provide detainees with reasonable access to legal counsel, *see* 8 C.F.R. § 1003.36, and the proliferation of telephone, videoconferencing, and electronic communication technology has substantially eroded the geographic barriers that once made physical proximity between attorney and client a practical necessity. Petitioner has not identified any specific deficiency at any particular facility to which she might be transferred, nor has she explained why the communication tools available throughout the federal detention system would be inadequate to permit effective representation. Speculation that a future transfer might complicate counsel's access does not support a finding of threatened irreparable

harm. *See Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir. 1992); *Adams v. Freedom Forge Corp.,* 204 F.3d 475, 488 (3d Cir. 2000) (irreparable harm must be actual and imminent, not merely speculative).

Therefore, to the extent Petitioner's motion seeks advance notice of any transfer to another detention facility or her removal pursuant to the removal order, the motion should be DENIED.[2]

## III.    NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, any party may file written objections to this Report and Recommendation within fourteen (14) days of service. Any opposing party has fourteen (14) days from service of the objections to respond. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman,* 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank,* 488 F.3d 187 (3d Cir. 2007).

DATED this 26th day of May, 2026.

RESPECTFULLY SUBMITTED:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] A Report and Recommendation on Petitioner's Amended Petition will issue in due course.